WEIMER, J.,
dissents.
|,I respectfully dissent believing the court of appeal was correct in ordering a hearing in this unique and unprecedented case, which involves a juror advising fellow jurors about engaging in allegedly criminal conduct during the trial. The “jury shield statute,” LSA-C.E. art. 606(B), provides for an exception in criminal cases when “extraneous prejudicial information was improperly brought to the jury’s attention.”
The juror in this case was caught in a conflict between her duty as a juror and her self-interest which potentially compromised her ability to render a fair and impartial verdict in a proceeding brought by the district attorney, who could evaluate whether to charge her with one or more offenses. See Brooks v. Dretke, 418 F.3d 430 (5th Cir.2005).[1] Accordingly, I would affirm the decision of the court of appeal to grant a hearing.

. In Brooks, a juror in a capital case, just as the penalty phase was about to begin, was arrested for entering the courthouse with a handgun. The juror’s arrest was not revealed to the other jurors but was revealed to the trial judge, who questioned the juror and obtained his assurances that the arrest would in no way impair his ability to render a fair and impartial sentencing verdict. On the defendant’s subsequent application for federal ha-beas corpus relief from his conviction and sentence to death, the appellate court ultimately granted him relief on grounds that the compromising position the juror found himself in for the remainder of the trial supported a finding of implied bias and required setting aside the defendant’s conviction and sentence. Brooks, 418 F.3d at 435.